United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES FAIRCLOTH
        Plaintiff,

v.

FIRST NATIONAL INS. CO
        Defendant.
_____/

No. C 14-00599 SBA

**ORDER FOR PRETRIAL PREPARATION**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure ("FRCP"), IT IS HEREBY ORDERED AS FOLLOWS:

**A.   DEADLINE FOR JOINDER OF PARTIES/AMENDING THE PLEADINGS**

The deadline for the joinder of other parties and to amend the pleadings is **8/1/2014**.

**B.   DISCOVERY CUT-OFF**

All discovery, except for expert discovery, shall be completed and all depositions taken on or before **11/4/2014**. The parties are responsible for scheduling discovery so that motions to resolve discovery disputes can be heard before the above discovery cut-off.

**C.   EXPERT DESIGNATION AND DISCOVERY**

Plaintiff shall designate any experts by **11/4/2014**; defendant by **11/4/2014**; rebuttal disclosure by **11/18/2014**. Any expert not so named may be disallowed as a witness. No expert will be permitted to testify to any opinion, or basis or support for an opinion, that has not been disclosed in response to an appropriate question or interrogatory from the opposing party. Expert discovery shall be completed by **12/16/2014**.

**D.   MOTION CUT-OFF**

All dispositive motions shall be *heard* on or before **2/24/2015**, at 1:00 p.m. *The parties must meet and confer prior to filing any motion*.  The movant shall certify to the Court in its moving papers that it has complied with this requirement.  Should the parties fail to meet and confer, the Court may decline to entertain the motion.

**THE COURT DOES NOT RESERVE MOTION HEARING DATES.** The parties are advised to check Judge Armstrong's calendar at **www.cand.uscourts.gov/sba**, under Scheduling Information to determine the next available hearing date, particularly in the case of a dispositive motion.  The parties are advised *not* to wait until 35 days prior to the law and motion cut-off date to file and serve their motion. As the Court's law and motion calendar tends to fill quickly, there is *no* guarantee that a hearing date within the law and motion cut-off date will be available. You MUST submit a hard copy of all motion papers filed in E-FILED cases in order to be placed on calendar.

**Page Limits:**  All noticed motions (other than motions for summary judgment) and any opposition thereto, shall not exceed **fifteen (15) pages** in length, exclusive of the table of contents, table of authorities, exhibits and declarations, if required.  Reply briefs may not exceed **ten (10) pages** in length.  Motions for summary judgment are subject to the page limits set forth in Civil Local Rule 7.

**Meet and Confer Requirement:**  All parties are required to meet and confer in good faith before filing any motion or any non-stipulated request with this court, and to certify that they have complied with this requirement.

**Failure to Oppose:**  The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion.

**Summary Judgment:**  Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court.  The parties are not required to file statements of undisputed facts in connection with a motion for summary judgment. However, if the parties desire to file a statement of undisputed facts, only one joint statement of undisputed facts signed by all parties shall be filed. All separate statements will be stricken. If the parties are unable to agree that a fact is undisputed, they should assume that fact is in dispute.

**Hearing on Motions:**  Note that pursuant to Civil L.R. 7-1(b), the Court may, in its discretion, adjudicate motions *without* oral argument.

E.   **MANDATORY SETTLEMENT CONFERENCES**

All parties are ordered to participate in a mandatory settlement conference during the following time period: **3/2-4/17/2015**.

F.   **PRETRIAL CONFERENCE**

All Counsel who will try the case shall appear for a pretrial conference on **4/21/2015,** at 1:00 p.m..  All Counsel shall be fully prepared to discuss all aspects of the trial. Failure to file the requisite pretrial documents in advance of the pretrial conference may result in vacation of the pretrial conference and/or the imposition of sanctions. *ALL PARTIES WITH SETTLEMENT AUTHORITY ARE REQUIRED TO ATTEND THE PRETRIAL CONFERENCE.*

### G. PRETRIAL PREPARATION DUE: 3/17/2015

Prior to the date pretrial preparation is due, Counsel shall meet and confer in good faith in advance of complying with the following pretrial requirements in order to clarify and narrow the issues for trial, arrive at stipulations of facts, simplify and shorten the presentation of proof at trial, and explore possible settlement.  In addition, Counsel shall meet and confer regarding anticipated motions in limine, objections to evidence, jury instructions, and any other matter which may require resolution by the Court.  The following items 1 through 8 below shall be filed and served by the above-referenced date.

**1. Joint Pretrial Statement**

Counsel are required to file a pretrial conference statement containing the following information:

**(a) The Action**

**(i) Substance of the Action.** A brief description of the substance of claims and defenses which remain to be decided

**(ii) Relief Prayed.** A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

**(b) The Factual Basis of the Action**

**(i) Undisputed Facts.** A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

**(ii) Disputed Factual Issues.** A plain and concise statement of all disputed factual issues which remain to be decided.

**(iii) Agreed Statement.** A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

**(iv) Stipulations.** A statement of stipulations requested or proposed for pretrial or trial purposes.

**(c) Disputed Legal Issues**

**(i) Points of Law.** Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions. Unless otherwise ordered, parties should cite to briefs served and lodged setting forth briefly the nature of each party's contentions concerning each disputed point of law, including procedural and evidentiary issues.

**(ii) Proposed Conclusions of law.** If the case is to be tried without jury, unless otherwise ordered, parties should briefly indicate objections to proposed conclusions of law lodged with this Court.

**2. Trial Briefs**

Each party shall serve and file a trial brief which shall briefly state their contentions, the relevant facts to be proven at trial, and the law on the issues material to the decision.

3

### 3. **Findings of Fact**

In non-jury cases, each party shall serve and lodge with the Court proposed findings of fact and conclusions of law on all material issues. Findings shall be brief, clear, written in plain English and free of pejorative language, and argument.

### 4. **Witnesses**

Each party shall serve and file with the Court a list of all persons who may be called as witnesses. The list shall include a summary of the substance of each witness' proposed testimony.

### 5. **Designation of Discovery Excerpts**

Each party expecting to use discovery excerpts as part of its case in chief shall serve and lodge with the Court a statement identifying (1) by witness and page and line, all deposition testimony and (2) by lodged excerpt, all interrogatory answers and request for admissions to be used as part of its direct case. Each interrogatory answer intended to be offered as an exhibit shall be copied separately and marked as an exhibit. The original of any deposition to be used at trial must be produced at the time of trial, as well as a copy for the Court. Counsel shall indicate any objections to the use of these materials and advise the Court that counsel has conferred respecting such objections.

### 6. **Jury Instructions**

The parties shall file a joint set of proposed jury instructions as to those instructions on which the parties have reached agreement. As to any disputed instructions, each party shall separately submit its "proposed" instruction(s) supported by a memorandum setting forth the authority for its use. Responses or objections to any "proposed" jury instruction shall be filed no later than the date of the pretrial conference. All instructions shall be written in plain English which is comprehensible to jurors, concise and free of argument, and shall be organized in a logical fashion so as to aid jury comprehension, and are also to be provided on a CD in a word format. The Court's practice is to utilize, whenever possible, instructions found in the Ninth Circuit Manual of Model Jury Instructions.

### 7. **Jury Voir Dire and Verdict Forms**

Each party shall submit proposed questions for jury voir dire and a proposed form of verdict.

### 8. **Exhibits**

Each party shall provide every other party one set of all exhibits, charts, schedules, summaries and diagrams and other similar documentary materials to be used at the trial together with a complete list of all such exhibits. The Court requires one original version of exhibits (as described above) for the Clerk and two copies (one for the Bench and one for the witness stand). All such versions of the exhibits, including the originals, should be indexed into a binder for easy and quick reference by all parties. The first page of each binder should have a copy of the exhibit list (see attached) appropriately completed with each exhibit description and its designated number. Plaintiffs shall refer to their exhibits numerically and Defendants shall label theirs alphabetically. Exhibit labels are also attached for your convenience. Exhibits should be brought to Court on the first day of trial.

### 9. **Motions in Limine and Objections to Evidence**

Each party anticipating making motion(s) in limine and/or objection(s) to any testimony or exhibits expected to be offered shall file and serve a statement briefly identifying each item objected to and the grounds for the objection. The parties must meet and confer prior to filing any motion in limine and objection to evidence. The movant shall certify to the Court in its moving papers that it has complied with this requirement.

**NOTE:** All motions in limine submitted by each party shall be set forth *in a single memorandum*, not to exceed **ten (10) pages** in length. Responses to the motions in limine shall be set forth in a single memorandum, not to exceed **ten (10) pages** in length. Reply briefs shall not exceed **six (6) pages**. No motions in limine will be considered unless the parties certify that they met and conferred prior to the filing of such motion. Any request to exceed the page limit must be submitted prior to the deadline for these briefs and must be supported by a showing of good cause, along with a certification that the applicant has met and conferred with the opposing party.

    **(a)**   Motions/Objections due: 3/24/2015

    **(b)**   Opposition due: 3/31/2015

    **(c)**   Reply due: 4/7/2015

**H.**   **TRIAL DATE**

Trial before the **Jury** will begin on **5/11/2014**, at 8:30 a.m., for an estimated **4** trial days, or as soon thereafter as the Court may designate. The parties are advised that they must be prepared to go to trial on a trailing basis. The trial will take place at 1300 Clay Street, 2nd Floor, Courtroom 210, Oakland, California, 94612 (located inside the U.S. Bankruptcy Courthouse). The Court's trial hours are from 8:30 a.m. to 2:00 p.m., with two fifteen-minute breaks, on Monday, Wednesday, Thursday and Friday. *On the first day of trial all parties are required to have someone in Court with full Settlement Authority.*

**I.**   **TRANSCRIPTS**

If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) at least one week prior to the commencement of trial commences.

**J.**   **STATUS AND DISCOVERY CONFERENCES**

Any party desiring to confer with the Court may, upon notice to all other parties, arrange a conference through the courtroom deputy (Telephone No. 510-637-3542). Conferences may be conducted telephonically, upon request (preferably in writing).

**K.**   **SANCTIONS**

Failure to comply with this order may result in the imposition of sanctions pursuant to FRCP 16(f).

IT IS SO ORDERED.

Dated: **6/19/2014**

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge